WILLIAM E. CHAPMAN *vs.* WILLIAM F. J. BOARDMAN
ET AL.

First Judicial District, Hartford, March Term, 1897. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

It is the duty of the owner of the land on which a fence stands, to use reasonable care to prevent it from becoming a public nuisance; unless the premises are in the actual occupation of another.
The defendants allowed a bill-poster to use a fence on their land near the street line, as a bill-board, upon the verbal understanding that he was to do all things requisite to the use of the fence as such bill-board, at his own expense. *Held* that it did not follow as a conclusion of law from such license, that the bill-poster was in the actual occupation of the premises.

[Argued March 2d—decided March 23d, 1897.]

ACTION for damages for the alleged negligence of the defendants in building and maintaining a fence, brought to the City Court of Hartford and tried to the court, *McManus, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants for alleged errors in the rulings of the court. *No error.*

It appears from the finding of facts, that in 1884 the defendants bought some land on Market street, which included a vacant lot of twenty feet on Market street, with an aver-

age depth of about five feet. At the time of purchase the vacant lot was entirely secluded from Market street by a wood fence about ten feet high and twenty feet long, which stood on the lot along its street boundary. For some time before the purchase the fence had been used for the purposes of a bill-board, under a verbal arrangement, which was continued by the defendants until the parties with whom it had been made gave up business. Thereupon the defendants made a similar verbal arrangement with new parties known as the "Bill Board Company." This arrangement was, that the defendants in consideration of the payment to them of $14 annually, would allow the company "to use said fence as a bill-board," with the understanding that the company "was to do all things requisite for its use of said fence as such board at its own . . . expense." The fence was an old one, originally improperly constructed, and by age and neglect to repair came to be a serious danger to persons passing on the street, which was a frequented thoroughfare. On February 29th, 1896, as charged in the complaint, the fence, by reason of the negligent and careless manner in which it had been maintained, fell upon the plaintiff, who was passing by on the sidewalk, and injured him severely. It did not appear that either the defendants or the Bill Board Company had actual knowledge of the dangerous condition of the fence. This condition was not visible to passers-by on Market street, but was plainly visible to casual observation from the vacant lot. The issues of fact under the pleadings were: Did the defendants own the vacant lot and the fence standing thereon? Were the Bill Board Company and not the defendants in actual occupancy of the premises? Was the plaintiff's injury due to negligence in maintaining the fence? The court found these issues for the plaintiff, and rendered judgment in his favor.

Upon the trial below the defendants' counsel claimed that the facts detailed in the finding "showed that the defendants did not own said board, did not construct it, and did not maintain it; were not aware of its weakness, if any weakness existed, and had no occasion to be aware of it,

their only connection with it being that they received an annual sum for the right of its owners to allow it to remain upon the land, and to use it." The trial court refused "to accept the conclusions of fact embodied in the foregoing request, excepting.so far as they appear (if they do appear) in the foregoing finding." The appeal assigns this action of the court as error in law.

*Joseph L. Barbour*, for the appellants (defendants).

*William F. Henney* and *John A. Toohey*, for the appellee (plaintiff).

HAMERSLEY, J. There is no question of law for us to review. The ownership of the vacant lot carried with it the ownership of the fence standing thereon and, as a matter of course, the duty to use such reasonable care in the maintenance of the fence as to prevent it from becoming a public nuisance, unless the premises were in the actual occupation of another. The actual occupation of the premises by the Bill Board Company at the time the plaintiff was injured, was a question of fact, upon which the trial court properly passed. The defendants seem to claim that the trial court, by adding to the statement of its refusal to accept the defendants' conclusions of fact, the expression "excepting as far as they appear (if they do appear) in the foregoing finding," presents to this court the question : Do the facts appearing in the finding require, as a matter of law, the court to find an actual occupation of the premises by the Bill Board Company at the time of the accident? Assuming this to be so, the verbal understanding between the defendants and the Bill Board Company was in form a license to the latter to use the Market street surface of the fence as a bill-board, and at its own expense to do anything it might think requisite for such use of the fence. An actual occupation of the premises by the Bill Board Company does not follow as a conclusion of law from the language of the finding in stating this license; it can only be established through

other facts which the court has not found. It is plain that such a license cannot relieve the defendants of the duty imposed upon them by ownership of the land on which the fence stands.

The well established rule that the tenant in occupation and not the landlord, is *prima facie* responsible, as between himself and the public, for the proper repair of a fence standing on the leased premises, is the only proposition of law argued before us by the defendants' counsel. This rule has no application to the facts in the case at bar.

There is no error in the judgment of the City Court.

In this opinion the other judges concurred.